On the Merits.
Bermudez, C. J.
This is a petitory action against one in possession.
The plaintiff claims title through a sheriff’s adjudication, to a seizing creditor, to whose rights he was subrogated.
He charges that the defendant claims title from one who acquired .the property at a tax sale; but that this sale is an absolute nullity, *349 for several reasons, one of which is, the insufficiency of the description of the property.
The defendant denies, avers a good title in himself, but calls his vendor in warranty.
The latter upholds the validity of his title, not only under the tax deeds made to him by the collector, but under a transfer of rights to him, by the owners of the property in the tax deeds.
There was judgment for plaintiff, evicting defendant, condemning the warrantor to reimburse the purchase price received by him and reserving certain rights.
This judgment is brought up for review.
The only evidence adduced by plaintiff to show title, consists in the sheriff’s return, which establishes adjudication to his author; but there is no proof whatever that any instrument of writing, not even a proces verbal, was recorded in the conveyance office, so as to notify third person that the defendant in the case had been expropriated and that his title had passed to the adjudicatee.
It appears that, subsequently, the same property was seized and advertised by the tax collector, for back taxes, and that it was by him adjudicated to the warrantor. Two deeds, duly recorded, were delivered, containing a description of the property. Four lots were described in one deed and ten in another, all in the same square.
In each act, the delinquent parties, wife and husband, in whose name the title stood, intervened and, for a valuable consideration, ratified the sale, transferring all their rights to the adjudicatee.
The alleged insufficiency of the description of the property in the advertisements of the tax collector, and in the deeds executed by him, is no factor in the case. The property claimed by the plaintiff is admitted by him, by this very suit, to be that in defendant’s possession, and adjudicated at the tax sale to the warrantor, for he seeks the former’s eviction from it, and the defendant and the warrantor admit the identity, insisting on their titles to the same.
' Pretermitting the question of the nullity charged of the assessment of the lots, in the proceedings and in the adjudication, the stubborn fact remains that the property, by its undisputed owners, was transferred to the warrantor and by him to the defendant, who has since been in possession of it.
*350 The only question in the case is whether, at the time of the transfer, the purchaser had notice of the expropriation by the sheriff’s adjudication.
It is clear he had none, for the plain reason that nothing had previously been put on record on the conveyance books to show that expropriation and adjudication.
The law distinctly provides that, in the City of New Orleans, it shall be the duty of the sheriffs to cause to be recorded in the conveyance office all judicial sales of real property made by them (C. P. 697, R. O. C. 2265), and that all sales not recorded shall be utterly null and void, except between the parties thereto, registry to affect third persons only from-the time of recording. R. C. C. 2266; 14 An. 117, 416; 22 An. 114.
It is well settled that; in an action in revendication of real estate in possession of another, the plaintiff must recover on the strength of his own title and not on the weakness of that of his adversary. C. P. 44.
It is therefore ordered and decreed that the judgment appealed from be reversed; and it is now ordered and decreed that there be judgment rejecting the demand of plaintiff and quieting the defendant and warrantor; plaintiff and appellee to pay costs in both courts.